# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| Irregular IP LLC, a Texas limited liability company; | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 5:23-CV-00378 |
| Patagonia, Inc., a California Corporation; | § § | |
| Defendant. | § | |

## <u>COMPLAINT</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

### <u>INTRODUCTION</u>

Plaintiff Irregular IP LLC ("Irregular" or "Plaintiff") for its complaint against Defendant Patagonia, Inc regarding Irregular's Trademarks and Copyrights hereby alleges as follows:

1. Plaintiff is a local Texas company that owns the intellectual property rights to goods whose primary purpose is to support our armed forces.

2. All Marks owned by Plaintiff are United States armed forces related.

3. Portions of proceeds from the sales of the merchandise illustrating Plaintiff's Marks and copyrights go to charities that support the United States Armed Forces.

4. Plaintiff seeks declaratory judgement that allows it to use its Marks and copyrights without Defendant threatening litigation over it.

## **JURISDICTION**

5.  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and the United States seeks remedies under 28 U.S.C. §§ 1651, 2201, and 2202.

6.  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338. The claims alleged in this Complaint arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, and the Lanham Act, 15 U.S.C. §1051, et seq., and the Copyright Act 17. U.S.C. §101, et seq.

7.  This Court has personal jurisdiction over the Defendant because Defendant has reached into Texas and created an immediate and imminent fear of litigation.

8.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants reside within this judicial district and because a substantial part of the acts or omissions giving rise to this action arose from events occurring within this judicial district.

## **PLAINTIFF**

9.  Plaintiff, Irregular IP LLC, is a Texas limited liability company.



10. IRREGULAR creates the IRREGULAR trademark whose focus is on the United States Special Operations Forces (US SOF).

11. IRREGULAR targets as consumers members of the armed forces and those that support members of the armed forces, especially the special forces, or irregular forces.

## **DEFENDANT**

12. Defendant Patagonia, Inc. is a California Corporation with a principal place of business in California.

13. Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with Texas, including participation in the acts and events occurring within this Judicial District as described herein.

## **FACTS**

14. Defendant filed a lawsuit on November 15, 2022 in the United States District Court for the Central District of California, the 2:22-cv-08353 lawsuit ("the lawsuit"), against a Texas entity, The 18a Chronicles LLC ("18a") for

    a. Trademark Infringement, and

    b. Unfair Competition, and

    c. Dilution, and

    d. Copyright Infringement.

15. The lawsuit accuses 18a of infringing upon Patagonia's P-6 logo and artwork. The P-6 logo is a multi-colored label inspired by a silhouette of the jagged peaks of the Mr. Fitz Roy skyline.

16. On March 22, 2023, Defendant obtained a Judgment and Order against 18a prohibiting the IRREGULAR Designs and an injunction against 18a from

licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any goods or services that display any of the Irregular Logos.

17. On March 22, 2023, Defendant obtained a Judgment and Order against 18a from designing anything similar to the Irregular Logos.

18. 18a does not and never has owned the IRREGULAR logos or designs.

19. The IRREGULAR logos or designs are owned by Plaintiff, and Plaintiff's website makes it clear to any reasonable consumer that the IRREGULAR logos or designs are owned by Plaintiff.

20. IRREGULAR was not served in the lawsuit.

21. IRREGULAR does not sell the products to consumers in California, especially in the Defendant's district.

22. IRREGULAR's regular and principle place of business is in Texas.

23. IRREGULAR would have not reasonable belief that it would be called into the Defendant's district in a lawsuit.

24. There is a reasonable and imminent threat that IRREGULAR will be shut down or face a lawsuit, when Defendant does its due diligence and learns that 18a never owned nor sold anything under the IRREGULAR Mark.

## Plaintiff's Trademark

25. One of Plaintiff's trademark is a tribute and memorial to the Battle of Takur Ghar, otherwise known as the Battle of Roberts Ridge during Operation Anaconda.

26. The Battle of Takur Ghar was made famous in many paintings and drawings and for many in the military it is the modern day symbol of special forces in Afghanistan.



*Figure 1. The Battle of Takur Ghar. Commonly depicted with the Arma Mountains from the Paktia Province, Afghanistan. An MH-47 helicopter is typically included.*

27. The three stars on the IRREGULAR logo are associated with the United States Army <u>S</u>pecial <u>O</u>perations <u>F</u>orces.

28.  Typically, the English language is read left to right and top to bottom. Anyone who views the IRREGULAR Mark will first see the stars.

29. Defendant does not have any stars on its Mark.

30. Defendant does not have a specialized military helicopter on its Mark.

31. ALL of Plaintiff's Marks are a tribute to the armed forces specifically the United States Army Special Operations Forces.



*Figure 2. One of Plaintiff's IRREGULAR Marks. Takur Ghar Mountain, with special forces stars and helicopter.*

32. IRREGULAR is a military term that has been used to describe combat forces for 100's of years. Especially and recently referring to special forces' combatants and components.

33. IRREGULAR could never be confused with PATAGONIA, the words do not sound similar and do not look similar. The likelihood of confusion between the two words is zero.

34. No reasonable person could or would confuse the words IRREGULAR and PATAGONIA.



*Figure 3. This IRREGULAR trademark and logo is a tribute to the special forces who participate via the high seas.*

35. Plaintiff Mark is the word IRREGULAR with designs of irregular or special operations troops performing maneuvers in places that are recognizable to current and former members of the special forces. Otherwise known as a tribute.

36. Upon information and belief, Defendant does not have exclusive rights or other ownership rights in the word IRREGULAR.

37. Upon information and belief, the only potential similarity between Plaintiff's IRREGULAR Mark and Defendant's Mark is a mountain range.

38. Defendant does not own the exclusive trademark rights to all mountain ranges.

39. Plaintiff's mountain range is the Arma Mountains mountain range, with the highest peak being the Takur Ghar mountain in Afghanistan.

40.  The Takur Ghar mountain and the Arma Mountains are well known mountains to current and former special operations members, and veterans of the longest war in United States history.

41. Upon information and belief, Defendant's mountain is the Cerro Chalten, or Monte Fitz Roy or Mount Fitz Roy within the Andes Mountain Range within the Glacier's National Park in South America.



*Figure 4. Mount Fitz Roy, part of Andes Mountain Range. Part of the Glaciers National Park on the border between Chile and Argentina.*

42. Patagonia logo



*Figure 5. Defendant's PATAGONIA Mark. Contains the word PATAGONIA, multi colored sky. No helicopter, no special forces stars.*

43. IRREGULAR logo and side by side comparisons.



*Figure 6. Trademarks in question. PATAGONIA versus IRREGULAR Trademarks.*

44. The IRREGULAR Mark consists of the word IRREGULAR with a special forces

helicopter and a landscape.

45. The IRREGULAR word and PATAGONIA word are not in the same font type.

46.  There is no actual confusion between the IRREGULAR Mark and the

PATAGONIA Mark.

47. There is no likelihood of confusion between the PATAGONIA Mark and the IRREGULAR Mark.

## CAUSES OF ACTIONS

## Declaration under 15 U.S.C §§ 1114-1117

48. Plaintiff realleges and incorporates all preceding paragraphs.

49. Plaintiff seeks a declaration that the Plaintiff has not violation any provision of 15 U.S.C. § 1114 with regard to Defendant's Mark.

50. The Fifth Circuit uses eight factors to determine likelihood of confusion: (1) strength of the plaintiff's mark; (2) similarity of design between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers. *Am. Rice Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) .

51. Defendant has engaged in conduct that gives rise to a reasonable and imminent apprehension on the part of Plaintiff that it will face suit for trademark dilution and infringement under the Lanham act, if Plaintiff continues its activities with respect to its products which are advertised, promoted, offered for sale or sold under the Mark IRREGULAR.

52. IRREGULAR seeks a declaratory judgment that its activities with respect to its products which are advertised, promoted, offered for sale or sold under the mark IRREGULAR do not dilute any alleged distinctive quality of Defendant's Mark.

53. IRREGULAR seeks a declaratory judgment that Patagonia is not entitled to any damages under the Lanham Act.

54. IRREGULAR seeks a declaratory judgment that Defendant is not entitled to any injunctive relief under the Lanham Act, specifically but not limited to 15 U.S.C. 1116.

## <u>Declaration under 15 U.S.C. § 1125</u>

55. Plaintiff realleges and incorporates all preceding paragraphs.

56. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of IRREGULAR that it will face suit for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if IRREGULAR continues its activities with respect to its to its products which are advertised, promoted, offered for sale or sold under the mark PATAGONIA.

57. IRREGULAR seeks a declaratory judgment that its activities with respect to its products which are advertised, promoted, offered for sale or sold under the mark PATAGONIA do not constitute unfair competition or infringement of Defendant's alleged rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Plaintiff seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of IRREGULAR's use of the IRREGULAR mark.

## <u>Declaration under Copyright Act</u>

59. Plaintiff realleges and incorporates all preceding paragraphs.

60. Plaintiff's logo has no substantial similarity to the Defendant's.

61. Putting the Plaintiff's logos side by side with the Defendant's logo, no layman would view the works as substantially similar.



*Figure 7. Plaintiff's and Defendant's copyrights side by side. There are no elements that are factually similar.*

62. The question of substantial similarity typically is left to the factfinder.

63. There is no element of Plaintiff's copyright that is factually copied by the Defendant.

64. Plaintiff is entitled to a judicial declaration that the use of Plaintiff's copyright does not infringe Defendant's copyright.

## Declaratory Judgment

65. Plaintiff realleges and incorporates all preceding paragraphs.

66. A dispute exists between Plaintiff and Defendant concerning Plaintiff's right to use the aforementioned IRREGULAR trademarks and copyrights. As a consequence of the dispute, an actual and justiciable controversy exists between the Plaintiff and the Defendant.

67. To resolve the factual and legal issues raised by Defendant and to afford relief from the uncertainty which Defendant has propagated in this dispute, Plaintiff is entitled to a declaration, pursuant to 28 U.S.C. §§2201-02, that its IRREGULAR Mark and Copyright does not infringe upon Defendant's Mark or copyright.

## ATTORNEYS' FEES

**In accordance with 28 U.S.C. §§ 1116(a), 1117(a), and 1125(c), Plaintiffs are entitled to recover reasonable attorneys' fees, expenses and costs.**

## PRAYER

(a) Assume jurisdiction of this action and issue a permanent nationwide injunction against the enforcement of Defendant's Mark against Plaintiff's Mark.

(b) Issue a declaratory judgement finding that Plaintiff's IRREGULAR Marks are not infringing on Defendant's Mark under the Lanham Act.

(c) Issue a declaratory judgment finding that Plaintiff's copyright is not infringing on Defendant's copyright.

(d) Permanently enjoin Defendant and all its subsidiaries and agents from impeding in anyway with the sale, production, advertising of the like of Plaintiff's IRREGULAR Mark and copyright.

(e) Adjudge all costs against Defendant, including reasonable attorneys' fees;

(f) Retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate; and

(g) Grant any and all further relief to which Plaintiffs may show themselves to be entitled.

**DATED: March 27, 2023**          **Respectfully submitted,**


By: _____

Drake J. Brown, Esq. (24123595)
STONE CANYON LAW, PLC
4727 Center Park Boulevard
San Antonio, Texas 78218
(210) 439-7324
drake@stonecanyonlaw.com
*Attorney for Plaintiff*
*Irregular IP LLC*